**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TREVER J. CORBETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 07-3061-KHV |
| STATE OF KANSAS, et al., ) | |
| ) | |
| Respondents. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Pursuant to 28 U.S.C. § 2254, petitioner Trever J. Corbett seeks a writ of habeas corpus, claiming insufficient evidence and violations of due process and his right to confront witnesses. See Petition (Doc. #1). For the reasons stated below, the Court denies the petition.

**Factual and Procedural Background**

Crystal Casey was murdered by manual strangulation at her apartment in Hutchinson, Kansas, during the night of June 25-26, 2000. The police investigation initially focused on the victim's ex-husband, Shane Casey, from whom she had been divorced in April of 2000. The police eventually dismissed Shane Casey as a suspect, however, and turned their attention to petitioner, a different ex-husband of the victim. On May 1, 2001, the State of Kansas charged petitioner with first-degree premeditated murder, in violation of Kan. Stat. Ann. § 21-3401(a), in the District Court of Reno County, Kansas (Case No. 01 CR 404).

At petitioner's preliminary hearing, two eyewitnesses, Jennifer Williams and Bryan Miller, identified petitioner as the man seen outside the victim's apartment on the night of the murder. The state court found that those identifications were unreliable and dismissed the charges against petitioner. In January 2003, the Kansas Court of Appeals reversed that dismissal, ruling that identity

testimony, DNA evidence and fingerprint evidence established probable cause. See State v. Corbett, 31 Kan. App.2d 68, 75-76, 59 P.3d 1054, 1060 (2003).

Petitioner's trial took place in August of 2003. On August 29, 2003, after less than 12 hours of deliberation, a jury convicted petitioner of first-degree premeditated murder. On October 2, 2003, the district court sentenced petitioner to life in prison. On March 24, 2006, the Kansas Supreme Court affirmed petitioner's conviction. See State v. Corbett, 281 Kan. 294, 130 P.3d 1179 (2006). The Kansas Supreme Court rejected petitioner's arguments that (1) the trial court should not have admitted into evidence transcripts of ex parte depositions given by Williams and Miller; (2) the trial court should have excluded the identification testimony by Williams and Miller; (3) the trial court improperly limited petitioner's cross-examination of Miller; (4) the trial court should have excluded hearsay statements by the victim; (5) sufficient evidence did not support petitioner's conviction; (6) the prosecutor committed misconduct in his closing argument; and (7) the trial court erred in admitting certain evidence. See id. Petitioner now seeks relief from this Court pursuant to 28 U.S.C. § 2254.

## Standards For Habeas Petitions Under 28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in relevant part at 28 U.S.C. § 2254, governs the Court's review. Under Section 2254, as amended by AEDPA, the Court may not issue a writ of habeas corpus with respect to any claim that the state court adjudicated on the merits unless that adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d)(1), (2). Under the "contrary to" clause, the Court may issue a writ of habeas corpus only if (1) the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or (2) the state court decided the case differently than the Supreme Court on a set of materially indistinguishable facts. See Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, the Court may grant habeas relief if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. The Court may not issue a writ simply because it concludes, in its independent judgment, that the state court applied clearly established federal law erroneously or incorrectly; rather, the application must have been objectively unreasonable. See id. at 409-11.

## Analysis

Petitioner identifies five grounds for relief in his petition:

(1) Violation of due process, on the basis of the admission into evidence of the transcripts of the depositions of eyewitnesses Williams and Miller;

(2) Violation of due process, on the basis of the insufficiency of the evidence of petitioner's guilt;

(3) Violation of due process, on the basis of the trial court's failure to exclude the identification testimony by Williams and Miller as unreliable;

(4) Violation of due process, on the basis of the admission of hearsay statements by the victim; and

(5) Violation of petitioner's Sixth Amendment right of confrontation, on the basis that the trial court limited petitioner's cross-examination of Miller.

Respondents deny all of petitioner's claims. The Court addresses each claim in turn.

**I.      Admission Of Deposition Transcripts**

As his first basis for habeas relief, petitioner argues that the trial court violated his right to due process and a fair trial by admitting into evidence the deposition transcripts of Williams and Miller. On August 31, 2000, the district attorney deposed Williams and Miller. In those depositions, Williams reaffirmed her previous identification of Shane Casey as the man she saw outside the victim's apartment, but Miller recanted his identification of Casey (although without identifying petitioner). The trial court admitted the transcripts of those depositions over petitioner's objection.

Petitioner argues that the transcripts' admission at trial violated a number of court rules, including Kan. Stat. Ann. §§ 60-230(e), 60-232(a), 60-460(c), 22-3211(8).[1] On direct appeal, the Kansas Supreme Court held that transcripts were admissible under Kan. Stat. Ann. § 60-460(a), regardless of their compliance with other rules. See Corbett, 281 Kan. at 303, 130 P.3d at 1189. Even if the Kansas Supreme Court erred in its application of Kansas state court rules, as petitioner appears to argue, such an error would not warrant relief here:

> A habeas petitioner is only entitled to relief . . . for alleged violations of federal rights, not for errors of state law. Generally speaking, a state court's misapplication of its own evidentiary rules . . . is insufficient to grant habeas relief.

Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002) (citations omitted). Petitioner must show that the alleged error was "so grossly prejudicial that it fatally infected the trial and denied the

---

[1]      Kan. Stat. Ann. § 60-230(e) allows a deponent to review a deposition transcript and sign a statement reciting any changes.
          Kan. Stat. Ann. § 60-232(a) lists the instances in which a deposition may be used against a party present at or with notice of deposition.
          Kan. Stat. Ann. § 60-460 provides a hearsay exception for depositions in which the adverse party had the opportunity for cross-examination.
          Kan. Stat. Ann. § 22-3211(8) sets forth instances in which a deposition may be used in a criminal trial.

fundamental fairness that is the essence of due process." Id. (quotation omitted). As the Tenth Circuit has noted:

> [T]he Supreme Court has defined "the category of infractions that violate fundamental fairness very narrowly. Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation."

Id. (quoting Estelle v. McGuire, 502 U.S. 62, 73 (1991)).

With respect to the transcripts, petitioner complains that because the depositions were taken ex parte and without notice to him, he had no opportunity to object to questions that were leading, argumentative, or called for hearsay. Again, these are evidentiary matters that do not implicate the federal constitution, and petitioner has provided no authority to suggest that these particular facts implicate due process. As the Kansas Supreme Court noted in addressing these arguments, both deponents testified and were available for cross-examination at trial, and petitioner's counsel extensively cross-examined both witnesses, including with respect to their deposition testimony. See Corbett, 281 Kan. at 303, 130 P.3d at 1189. Accordingly, the Court cannot conclude that the state courts erred or denied petitioner due process, and petitioner is not entitled to habeas relief on this ground under the standards set forth above.

## II.     Sufficiency Of The Evidence

As his second ground for habeas relief, petitioner argues that the evidence at trial was not sufficient to support his conviction. The United States Supreme Court has set forth the following standard to govern such a claim: "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The Kansas Supreme Court applied this same standard in rejecting this

argument by petitioner on direct appeal.  See Corbett, 281 Kan. at 309, 130 P.3d at 1192-93.

In his brief to this Court, petitioner attacks the prosecution's evidence linking him to the crime.  Those attacks fall well short of satisfying the standard that this Court must apply, however. The Kansas Supreme Court noted that the following evidence supported petitioner's conviction: two witnesses' identification of petitioner as the man outside the victim's apartment during the period in which the murder occurred; petitioner's thumbprint on the peephole in the victim's front door; DNA evidence, including testimony that petitioner had the same profile as that shown by the DNA found under the fingernails of the victim, who died after a violent struggle with her attacker, and that only one in 52,000 Caucasians would have that profile; and petitioner's possession of property that was very personal to the victim and would not have been given to petitioner.  See id. at 309-10, 130 P.3d at 1193.  The record also contains evidence of the following facts:  petitioner was upset with the victim's decision to move away with their daughter, and had stated that he would make sure that the daughter did not go with the victim; the victim feared that petitioner would do anything to keep custody of the daughter and prevent the move; petitioner had been physically abusive to the victim; petitioner and the victim argued earlier in the evening of the murder; petitioner arrived at work with his daughter at an unusually early hour on the morning following the murder; despite threats from other inmates warning against such testimony, petitioner's cellmate testified that petitioner had related that he had had a fight with a woman who then fell down the stairs (the victim was found at the bottom of a flight of stairs); and when the victim's mother, in discussing the murder, asked petitioner why he "did this," petitioner answered that he did not know.

In light of this evidence, the Kansas Supreme Court concluded that a rational fact finder could find beyond a reasonable doubt that petitioner had committed murder.  See id. at 310-11, 130 P.3d

at 1193. This decision by the Kansas Supreme Court constitutes a reasonable application of federal law. Accordingly, petitioner is not entitled to habeas relief on this ground.

**III.     Eyewitness Identification Testimony**

As his third basis for habeas relief, petitioner argues that the identification testimony by Williams and Miller was unconstitutionally unreliable. Petitioner cites the facts that in viewing a photographic lineup, the witnesses originally identified Shane Casey as the suspect; that Williams confirmed her identification of Casey in a subsequent deposition; that the witnesses did not identify petitioner until months later, in a second photographic lineup; that the witnesses described the suspect as clean-shaven, while petitioner had a beard at the time of the murder; and that at the preliminary hearing the trial court found the identification testimony unreliable.

Petitioner relies on the United States Supreme Court's standards regarding suggestive eyewitness identification procedures. Under that jurisprudence, "reliability is the linchpin in determining the admissibility of identification testimony." Manson v. Brathwaite, 432 U.S. 98, 114 (1977). The factors to be considered "include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Id. (citing Neil v. Biggers, 409 U.S. 188, 199-200 (1972)). These factors are weighed against the corrupting effect of an identification that resulted from suggestive procedures. Id. The defendant must show that, under all of the circumstances of the case, there is "a very substantial likelihood of irreparable misidentification." Id. at 116 (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)). With respect to that standard, the Supreme Court has stated:

> Short of that point, such evidence is for the jury to weigh. We are content to rely upon the good sense and judgment of American juries, for evidence with some

>element of untrustworthiness is customary grist for the jury mill. Juries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable feature.

Id.

Petitioner has not argued that his identification resulted from any coercive or suggestive behavior by police or the prosecutor, other than to note that at their depositions the prosecutor asked the witnesses whether they saw petitioner instead of Shane Casey. Such questions hardly make the witnesses' identification of petitioner months later unreliable, particularly in light of the fact that the witnesses did not identify petitioner in the depositions.

In considering this argument on direct appeal, the Kansas Supreme Court cited the applicable standards from Manson, applied the standards set forth in that case and in Neil v. Biggers, and concluded that the witnesses' identifications were supported by substantial competent evidence and bore indicia of reliability. See Corbett, 281 Kan. at 304-06, 130 P.3d at 1190-91. This Court agrees with the Kansas Supreme Court on this issue. For instance, Williams testified that on the evening in question she believed that petitioner was the man outside the victim's apartment, and she initially told police and three other people that she had seen petitioner there. Williams explained that she had misidentified the man as Shane Casey, however, because the man she saw had not responded to her greeting, and she believed petitioner would have done so; because a friend convinced her that petitioner would not have been the perpetrator; and because she did not want to be responsible for the arrest of petitioner, her former high school classmate. Miller explained that he had incorrectly identified the man as Shane Casey because Williams had told him which picture she selected and he felt pressured to make an identification from the first lineup, which did not include petitioner's picture. The Kansas Supreme Court also noted that "[b]oth eyewitnesses were vigorously challenged

on cross-examination, and the trial court instructed the jury regarding the factors it should use in considering Williams' and Miller's identifications." See id. at 306, 130 P.3d at 1191.

Petitioner does not argue that the state courts applied the wrong standards in this case. Rather, petitioner argues that those courts applied the standards and weighed the applicable factors incorrectly. Petitioner has not cited any controlling federal authority, however, compelling the conclusion that the witnesses' identification of petitioner, under all of the facts of this case, were sufficiently unreliable to constitute a violation of due process. The state court's application of federal law was not objectively unreasonable in this case. Therefore, petitioner is not entitled to habeas relief on this basis.

**IV.    Admission Of Hearsay Statements Of The Victim**

In his petition, for his fourth basis for habeas relief, petitioner claims that the trial court should have excluded hearsay statements by the victim under Crawford v. Washington, 541 U.S. 36 (2004), and that its failure to do so violated his right to due process and a fair trial. Petitioner raised this issue on direct appeal, but because he failed to object at trial, the Kansas Supreme Court ruled that the issue had not been preserved for appeal. See Corbett, 281 Kan. at 308-09, 130 P.3d at 1192. That court also concluded that Crawford was not implicated because the statements at issue were not testimonial. See id.

Under Tenth Circuit law, because the state court ruled that petitioner did not preserve this issue for appeal, this Court's habeas review is limited:

> We will not consider issues on habeas review that have defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision. To be adequate, a state procedural rule must have been firmly established and regularly followed when the purported default occurred.

McCracken v. Gibson, 268 F.3d 970, 976 (10th Cir. 2001) (quotations omitted). In this case, petitioner's claim was defaulted on the independent and firmly-established state procedural rule requiring the preservation of issues for appeal by timely objection. See Torres v. Roberts, No. 06-3237-KHV, 2007 WL 1662645, at *7-8 (D. Kan. June 5, 2007).

Petitioner did not address this claim in his supporting brief. Accordingly, to the extent that the claim has not been abandoned, the Court rejects this basis for relief. Petitioner has not demonstrated cause for his failure to object, prejudice resulting from the admission of the statements, or that the admission resulted in a fundamental miscarriage of justice. See Bousley v. United States, 523 U.S. 614, 623 (1998) (to make a showing of a fundamental miscarriage of justice, petitioner must demonstrate that constitutional error has probably resulted in the conviction of one who is actually innocent). Accordingly, the Court need not address this claim. Moreover, the Court agrees with the Kansas Supreme Court that Crawford, in which the Supreme Court addressed the admissibility of testimonial hearsay statements under the confrontation clause, see Crawford, 541 U.S. 36, does not apply to these statements. The Court denies this claim for relief.

**V.     Cross-Examination Of Bryan Miller**

Finally, petitioner claims that the trial court violated his Sixth Amendment right of confrontation by refusing to let his counsel cross-examine Miller about a possible deal with the prosecutor to provide testimony against petitioner in return for favorable treatment regarding drug charges against Miller. Again, however, petitioner has failed to brief the issue.

On direct appeal, the Kansas Supreme Court upheld this evidentiary ruling by the trial court, on the bases that Miller had already testified that he had not had any such conversations with the prosecutor and that petitioner lacked any evidence of a deal. See Corbett, 281 Kan. at 307-08, 130

P.3d 1191-92. As noted above, such an evidentiary issue generally does not provide a proper basis for habeas relief, and petitioner has not shown that the trial court's action rendered his trial fundamentally unfair. See Bullock, 297 F.3d at 1055. Petitioner is not entitled to habeas relief on this claim.

**VI.   Summary**

In summary, the Court concludes that petitioner's habeas petition does not establish any instance in which the state proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2).[2]

**IT IS THEREFORE ORDERED** that the Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. #1) be and hereby is **DENIED.**

Dated this 11th day of January, 2008, at Kansas City, Kansas.

                        s/ Kathryn H. Vratil
                        Kathryn H. Vratil
                        United States District Judge

---

[2] Petitioner has not requested an evidentiary hearing, and no hearing is necessary to resolve disputed facts concerning the proceedings in state court. See Medina v. Barnes, 71 F.3d 363, 366 (10th Cir. 1995) (setting forth requirements for entitlement to evidentiary hearing in federal habeas action).